IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

DEC 1 9 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| ROY EDWARD CANTU,<br>Petitioner, | §<br>§<br>§ |
| VS. | §<br>§ CIVIL ACTION NO. B-03-147 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pro se petitioner, Roy Edward Cantu ("Cantu"), has filed a Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1) pursuant to 28 U.S.C. § 2255. For the reasons stated below, it is recommended that the motion be denied.

### I. Background.

Cantu is currently incarcerated at the Beaumont Federal Correctional Complex in Texas. He was indicted by a Grand Jury on two counts of racketeering activity in violation of the Racketeer Influenced Corrupt Organization ("RICO") statute. On April 20, 1998, after a jury trial, Cantu was found not guilty on Count 1 (substantive RICO violation under 8 U.S.C. § 1962(c)) and guilty on Count 2 (RICO conspiracy violation under 18 U.S.C. § 1962(d)) in Criminal Case No. B-98-CR-075, styled *United States of America v. Cantu*. He was sentenced to 224 months imprisonment and 5 years of supervised release.

Cantu filed a timely notice of appeal and attorney, Dale Robertson, was appointed to represent him. On August 11, 1999, the Fifth Circuit Court of Appeals affirmed the conviction.[1] Cantu alleges that he instructed Robertson to file a writ of certiorari to the Supreme Court. Cantu

---

[1] *United States v. Cantu*, 185 F.3d 298 (5th Cir. 1999).

claims that he was under the impression that his appeal was pending and tried to contact Robertson several times without success.

On June 1, 2003, Cantu wrote a letter to the Supreme Court inquiring as to the status of his writ. On June 10, 2003, the Supreme Court erroneously forwarded information to Cantu concerning his father's writ. It appears that Roy Edward Cantu Sr. had also filed a writ pertaining to his own criminal case, which was dismissed for failure to pay the filing fee. On June 18, 2003, Cantu wrote a second letter to the Supreme Court clarifying his identity. On June 25, 2003, the Supreme Court informed Cantu that a writ had not been filed in his case. Cantu filed the instant petition on August 18, 2003, requesting post conviction relief for violations of his Fifth and Sixth Amendment rights.

## II. Analysis

In his motion, Cantu argues three grounds for relief. First, Cantu contends that count two of the indictment was a lesser included offense of count one and therefore his attorney's failure to move for acquittal on double jeopardy grounds deprived him of his Fifth and Sixth Amendment rights (Ground One). Second, Cantu claims that count two of the indictment was multiplicious and his attorney's failure to move for dismissal, based on double jeopardy grounds, violates his Fifth and Sixth Amendment rights (Ground Two). Third, Cantu states that he had a constitutional right to counsel on appeal, which was abandoned when his attorney failed to file a writ of certiorari with the Supreme Court as he had requested (Ground Three).

### A. Grounds One and Two

Cantu filed the instant federal petition for writ of habeas corpus on August 18, 2003. As such, his petition is subject to review under the Antiterrorism and Effective Death Penalty Act of

2

1996 (AEDPA).[2] The provisions of 28 U.S.C. § 2255 set forth four different scenarios which start the running of the one-year limitation period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The record reflects that Cantu's conviction was affirmed by the Fifth Circuit on August 11, 1999, as no petition for rehearing was filed, the time to file a writ of certiorari with the Supreme Court expired 90 days later, on November 11, 1999. Thus the conviction became final on November 11, 1999, and the limitation period to file a federal habeas petition expired one year later on November 11, 2000. As Cantu did not file his federal petition until August 18, 2003, his petition is untimely.

Even if Cantu's petition was not time barred, it should be dismissed as he is unable to establish ineffective assistance of counsel on both grounds one and two. Cantu argues that he was denied his right to counsel because his attorney failed to move for a judgment of acquittal on the RICO conspiracy count (Ground One) and to dismiss count two as multiplicious (Ground Two).

The standard for ineffective assistance of counsel was set forth by the Supreme Court in

---

[2] Pub.L.No. 104-132, 110 Stat. 1214 (1996).

*Strickland v. Washington*, 446 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). The defendant bears burden of showing by preponderance of evidence that he was deprived of his right to effective counsel. *Clark v. Johnson*, 227 F.3d 273 (5th Cir. 2000). In order to prevail, the defendant in the case must show that his attorney's performance was, under all circumstances, unreasonable under the prevailing norms *(Strickland* at 687), and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different *(Strickland* at 694). In evaluating defendant's claims of ineffective assistance of counsel, judicial scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *Johnson v. Cockrell*, 301 F.3d 234 (5th Cir. 2002).

In this case, Cantu argues that his attorney should have moved for acquittal on the RICO conspiracy count as he was acquitted on the substantive RICO count and that the indictment was multiplicious. These arguments have no merit. The Supreme Court in *Salinas v. United States*, 522 U.S. 52, 61-66, 118 S.Ct. 469, 476-478 (1997) held that a RICO conspiracy offense is not the same as a substantive RICO offense because the conspiracy offense does not require the defendant to commit the predicate acts. The substantive offense contains an element that the conspiracy offense does not and vice versa, therefore a claim of double jeopardy is not valid.

As conspiracy to commit a RICO crime and the crime itself are separate punishable offenses, there was no basis upon which Cantu's attorney should have made the suggested motions. Cantu's attorney's performance was, under all circumstances, reasonable under the prevailing norms. Cantu has not demonstrated that his Sixth Amendment right to counsel was violated under the *Strickland* test.

## B. Ground Three

Cantu claims that he was denied his right to counsel when his attorney failed to file a petition for writ of ceriorari with the Supreme Court. As set forth above, Cantu's petition is time barred. However, Cantu argues that the limitations period should be tolled and that the clock should begin to run from the date he discovered that the writ had not been filed as allowed under subsection (4).

> "The limitation period shall run from the latest of -
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The proper task in a case such as this, is to determine when a duly diligent person in petitioner's circumstances would have discovered that an appeal had not been filed. After that date, petitioner would then be entitled to further delay to allow for the running of the limitations period. Cantu would have had to file his petition within one year from the day that, through the exercise of due diligence, he discovered his attorney's failure.

The Fifth Circuit has not analyzed the subsection (4) "discovery rule", as it pertains to the particular issue in this case. The Second Circuit, which has applied the discovery rule to a case with similar factual circumstances, held in *Wims v. U.S.*, 225 F.3d 186 (2nd Cir. 2000) that due diligence did not require the petitioner to check up on his counsel's pursuit of an appeal on the very day on which his conviction became final absent appeal. The court noted, "[A] defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. The statute of limitations, therefore, did not begin to run until sometime after that day." *Id.* at 190. The Court found that a five month delay was not unreasonable.

In this case, due diligence does not require Cantu to check up on his counsel's pursuit of

5

an appeal on November 11, 1999, the very day on which his conviction became final absent appeal. However, it is difficult to pinpoint when, in exercising due diligence, Cantu would have discovered his counsel's failure to appeal. In any event, the time to file the writ of certiorari with the Supreme Court expired November 11, 1999. Cantu did not make an inquiry until June 1, 2003. Even if Cantu was provided up to one year after the expiration date, in which to exercise due diligence and inquire with the Supreme Court as to the status of his writ, as well as one additional year to account for the running of the limitations period, Cantu's petition would still be considered time barred, as it was filed August 18, 2003.

Even if Cantu's petition were not time barred, there is no constitutional right to counsel in pursuing discretionary relief with the Supreme Court. *Austin v. United States*, 513 U.S. 5, 8, 115 S.Ct. 380, 381 (1994) (constitutional right of indigent defendants does not extend to forums for discretionary review). Therefore, Cantu's claim that his constitutional right to counsel on appeal was violated is without merit.

### III. Recommendation

Cantu's § 2255 motion is time barred under AEDPA. Notwithstanding, Cantu has failed to show that he was denied his Sixth Amendment right to counsel on any of the grounds raised.

**THEREFORE IT IS RECOMMENDED** that Cantu's Motion to Vacate under 28 U.S.C. § 2255 be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

       DONE at Brownsville, Texas, this 17th day of December, 2003.

                                                                   John Wm. Black
                                                        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | |
|---|---|
| ROY EDWARD CANTU,<br>    Petitioner,<br><br>VS.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. B-03-147<br>§<br>§<br>§ |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of December 17, 2003, should be adopted and Cantu's Motion to Vacate under 28 U.S.C. § 2255 be denied.

DONE in Brownsville, Texas, on this _____ day of _____, 2003.

_____
Filemon B. Vela
United States District Judge