IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 06 2004

Michael N. Milby, Clerk of Court

ROY EDWARD CANTU                    §
          Petitioner               §
                                   §
VS.                                §        Civil Action No. B-03-147
                                   §
UNITED STATES OF AMERICA           §
          Respondent.              §
                                   §

PETITIONER'S OBJECTION TO MAGISTRATE
JUDGE REPORT AND RECOMMENDATION.

NOW COMES the petitioner, Roy Edward Cantu, acting pro
se, and in objection to the Magistrate Judge Report and
Recommendation (herein-after refers to as "R & R") that his
motion to vacate, set aside, or correct sentence pursuant to
28 U.S.C. § 2255 be denied, states as follow:

At the outset, petitioner to no one's great surprise,
asserts that his appellate counsel, Dale Robertson, committed
prejudicial ineffective assistance of counsel when counsel told
him that a writ of certiorari was filed to the Supreme Court,
but indeed no certiorari was filed by the counsel. In support
of petitioner's claim, petitioner submitted a credible sworn
and notarized affidavit, and evidence of due diligence when
he discovered that counsel had not filed certiorari to the
Supreme Court. In response, government did not dispute that
appellate counsel purportedly told petitioner that certiorari
will be filed on his behalf. The only argument advanced by
respondent is that petitioner did not have right to counsel
in pursuit of his writ of certiorari. See Govt. Resp. at 19.

In reviewing this claim, this Honorable Court must first

1.

decide whether a prudent person in the petitioner's position should disregard his counsel's information that certiorari will be filed to the Supreme Court, since he did not have a right to counsel in pursuit of his discretionary review. Ordinarily, counsel who informed his appellant client that a writ of certiorari will be filed to the Supreme Court, has a duty to perfect such writ regardless of whether his client has a right to counsel for discretionary review. Failure to do so is a per se violation of Sixth Amendment Right to counsel. Such violation is tantamount to abandonment. See United States V. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); also see e.g. Hernandez V. United States, 202 F.3d 486, 489 (2d Cir. 2000) (finding that counsel's failure to prosecute direct appeal of conviction is prejudicial per se).

For the same reasons, petitioner was not time barred in bringing his claims under § 2255(4). The "R & R" acknowledged that petitioner would have had to file his petition within one year from the day that, through the exercise of due diligence, he discovered his attorney's failure. "R & R" pg. 5. At the same time, "R & R" recognized that the Fifth Circuit has not analyzed the subsection (4) "discovery rule," as it pertain to the particular issue in this case. Id. However, "R & R" found that it is difficult to pinpoint when, in exercising due diligence, petitioner would have discovered his counsel's failure to appeal. Nevertheless, it concluded that petitioner did not make an inquiry until June 1, 2003, thus his petition would still be considered as time barred, as it was filed August 18,

2003. "R & R" pg. 6.

There is no dispute as to whether counsel told petitioner that a certiorari will be filed to the Supreme Court. However, the only factual dispute is when exactly petitioner in exercising due diligence, discovered that his counsel has lied about filing a certiorari to the Supreme Court. In fact the "R & R" states nothing in question whether the decision to conduct an evidentiary hearing to pinpoint when, in exercising due diligence, petitioner would have discovered his counsel's failure to appeal. Moreover, as the "R & R" stated that the Fifth Circuit has not analyzed the subsection (4) "discovery rule," in fact it supports petitioner's contention that an evidentiary hearing is required in this claim. This is so because, as the "R & R" correctly noted, the due diligence does not required petitioner to check up on his counsel's pursuit of writ of certiorari after counsel informed him that the certiorari will be filed to the Supreme Court. Thus, hearing is necessary. See e.g. Reo V. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("[A] defendant who instructed counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice"). As the "R & R" failed to address the issue of evidentiary hearing in this claim, hearing is required. That is exactly what should occur to resolve the claim. This Honorable Court should grant an evidentiary hearing to pinpoint when exactly petitioner discovered that his counsel has failed to perfect certiorari as he promised, through exercise of due diligence. Friedman V. United States, 588 F.2d 1010 (5th Cir.

3.

1979).

With respect to counsel's failure to move for acquittal on the basis of RICO conspiracy Count, and dismissal of Count Two as multiplicious, petitioner contents that the claims are merit for the following reasons:

The "R & R" relied in <u>Salinas V. United States</u>, 522 U.S. 52, 61-66, 118 S.Ct. 469, 476-78 (1997) held that a RICO conspiracy offense is not the same as a substantive RICO offense because the conspiracy offense does not require the defendant to commit predicate acts. "R & R" pg. 4. The Supreme Court in <u>Salinas</u> did not reach the question where the indictment alleged the same overt acts in RICO conspiracy count as it did in substantive RICO offense. Even so, the "R & R" concluded that the substantive offense contains an element that the conspiracy offense does not and vice versa,.... Id. at pg. 4. This is not so because as petitioner correctly detailed in his brief and memorandum of law in support of § 2255 motion, the same act alleged in the substantive RICO offense in Count One was also re-alleged in RICO conspiracy Count Two. See attached indictment. Thus, "R & R" reliance in <u>Salinas</u> as did by the government is contrary to the issue in this case. In any case, petitioner was barred by subsequent prosecution in RICO conspiracy Count.

If, however petitioner was barred from his conviction in RICO conspiracy count, it is an error for counsel not to move for acquittal on Count Two based on double jeopardy. Counsel failure to do so constituted deficient performance and prejudicial to petitioner. <u>Strickland V. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

For the same reasons, both trial and appellate counsel were ineffective for failure to object to the indictment on multiplicity. Although, the "R & R" did not specifically address the issue of multiplicious in Count Two of the indictment, however, petitioner maintain that the count was multiplicious because, it contain similar overt act as alleged in Count One, substantive RICO offense. See attached copy of the indictment. This is what double jeopardy protect against. It is respectfully submitted that under the facts of this case, prejudice has been established on the performance of both the trial and appellate counsel.

For all the above and foregoing reasons, it is respectfully submitted that this Honorable Court conduct an evidentiary hearing on petitioner's due diligence in discovered that counsel has failed to file certiorari, after counsel told petitioner that certiorari will be filed to the Supreme Court. For the same reason, petitioner respectfully submitted that his motion to vacate, set aside or correct sentence should be granted with the respect to counsel failure to move for acquittal on the RICO conspiracy Count and to dismiss Count Two for multiplicious. In all, petitioner's objection to "R & R" should be granted.

Dated: December _30_, 2003

Respectfully Submitted:

Roy Edward Cantu
Reg. No. 05508-078
FCC-Beaumont-Low
P.O. Box 26020
Beaumont, Texas 77720

5.

## CERTIFICATE OF SERVICE

The undersigned, hereby, certify under penalty of perjury,
that a correct copy of the foregoing objection to the Magistrate
Judge Report and Recommendation has been served on the attorney
for the government by U.S. mail, postage prepaid, address to:

United States Attorney
Southern District of Texas
600 E. Harrison St., #201
Brownsville, Texas 78520-7114

Respectfully Submitted:

Roy Edward Cantu

6.

STATE OF TEXAS                        §
                                     §
                                     §
COUNTY OF JEFFERSON                   §

## AFFIDAVIT IN SUPPORT OF 28 U.S.C. § 2255

BEFORE ME, the undersigned authority, personally appeared Roy Edward Cantu, Reg. 05508-078, who after being duly sworn, deposed as follow:

My name is Roy Edward Cantu, I am sound mind and capable of making this affidavit, and over the age 21 years old. I am personally aware of the facts stated herein, which are true and correct to the best of my knowledge based on the corresponding and conversation I had with my court appointed appellate counsel Mr. Dale Robertson.

After my conviction and sentence was affirmed on initial appeal by the Fifth Circuit Court of Appeals on August 11, 1999, Mr. Robertson wrote me in September 1999 and notify me about the decision of the Court. At the time, I was placed in the Special Housing Unit (SHU) at FCI-Low, Big Spring, Texas. I wrote Mr. Robertson approximately few days after receiving his letter and requested for him to petition to the Supreme Court for writ of certiorari. Subsequently, Mr. Robertson wrote me and notify me that he will petition to the Supreme Court for certiorari in October 1999.

In March 2000, I called Mr. Robertson's office to request for my case file along with the copy of petition filed to the Supreme Court. I was told that Mr. Robertson was not in the office, however, I was assured that he will be notified of my requests. I have tried to reach Mr. Robertson on numerous occasion to inquire about my petition in the Supreme Court, but was told that he is either busy with a client or in court.

I was reluctant to discuss my case with another inmate or sought for assistance due to fear that I may be targeted or labeled as a government informant based on the substantial assistance rendered to the government.

After three years of waiting to hear from Mr. Robertson regarding my requests and whether there has been a decision made by the Supreme Court, I decided to speak with an inmate writ writer working in the prison library about what I should do since my lawyer have refused to notify me about Supreme Court decision. I was advised to write the Supreme Court and inquire whether there has been a decision made by the Court.

1.

On June 1, 2003, I wrote the Supreme Court of the United States and inquired whether any decision has been made on my petition. On June 10, 2003, the Supreme Court forwarded a docket case that was filed in 1995. The case information belong to my father, Roy Edward Cantu Sr V. United States. The information showed that a writ of certiorari filed on behalf of Roy Edward Cantu Sr was dismissed in 1996, for failure to comply with the Court order of filing fee.

On June 18, 2003, I wrote to the Supreme Court again explaining that my lawyer told me that my petition was filed in October 1999. I requested to know if any decision has been made. On June 25, 2003, the Supreme Court responded to my request stated that the docket and correspondence system does not show that any case was filed on my behalf in the Supreme Court.

Had I known over the years that Mr. Robertson did not petition to the Supreme Court as he told me that he did, I would have sought for alternative source to petition the Supreme Court for review, or proceeded with my post-conviction review.

I, Roy Edward Cantu, hereby execute this affidavit under penalty of perjury pursuant to Title 28 U.S.C. § 1746, on this 9 , day of July, 2003.

Affiant: Roy Edward Cantu

Sworn and Subscribed to before me on this 9 , day of July, 2003.

Notary Public, State of Texas.

WILLIAM THOMAS JR.
Notary Public, State of Texas
My Commission Expires
July 30, 2006

2.

GJ_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS    CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION    FILED 2/11/98
MICHAEL N. MILBY, CLERK

UNITED STATES OF AMERICA        §
                                §
            v.                  §    CRIMINAL NO. B-98-75
                                §
ROY EDWARD CANTU                §
                                §

### CRIMINAL INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

### The Enterprise

At various times relevant to this indictment the defendant ROY EDWARD CANTU, and others known and unknown, were members and associates of the Javier Cantu drug ring, a criminal organization whose members and associates engaged in illegal drug importation, possession and distribution and which operated principally in the Southern District of Texas.

The Javier Cantu drug ring, including its leadership, members and associates, constituted an "enterprise" as that term is defined in 18 U.S.C. Section 1961 (4) (hereinafter "the enterprise"), that is a group of individuals associated in fact. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

The purposes of the enterprise included the following:

a. To make money illegally through the distribution and re-distribution of marihuana on an ongoing basis.

b. To protect the enterprise from discovery by law enforcement

c. To hide and protect the illegal moneys generated by the enterprise.

## Means and Methods of the Enterprise

Among the means and methods by which the Defendant and his associates conducted and participated in the conduct of the affairs of the enterprise were the following:

Javier Cantu, the Defendant, and others would arrange to receive and store in Cameron County, Texas, large quantities of marihuana smuggled into Cameron County, Texas, from Mexico.

The marihuana would be weighed and stored in Cameron County, Texas, until the marihuana was shipped to customers in Arkansas or shipped to Houston, Texas for redistribution to others.

Various methods of transportation were used by the Defendant and his criminal associates to further the affairs of the enterprise, including cars, tractor trailer rigs, and commercial transportation companies.

In Houston the marihuana would be stored in various locations until distributed to others.

Proceeds from the marihuana sales were returned to Cameron County, Texas.

The Defendant and others used communication devices, including telephones, cellular phones and pagers to further the affairs of the enterprise.

## The Racketeering Violation

From in or about 1986, and continuously thereafter, up to in or about 1995 in the Southern District of Texas and elsewhere and

2

0366

in the jurisdiction of this Court,

### ROY EDWARD CANTU

Defendant herein, together with others known and unknown, being persons employed by and associated with the enterprise described above, which was an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did unlawfully, willfully, and knowingly conduct and participate directly and indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity, that is, through the commission of the following acts of racketeering activity.

The pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), committed by the Defendant in the conduct of the enterprise's affairs, consisted of the following racketeering acts  in violation of Title 21, United States Code, Sections 841(a)(1), and 846:

Racketeering Act No. 1

That from in or about the year 1986 until in or about the year 1995 in the Southern and Eastern Districts of Texas, and elsewhere, and in the jurisdiction of this Court:

### ROY EDWARD CANTU

did knowingly and intentionally combine, conspire, confederate and agree together with other persons, known and unknown to the grand jury to distribute and to possess with intent to distribute in excess of 1000 kilos of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970, in violation of Title 21, United States Code, Section 841(a)(1), all in

3

0367

violation of Title 21 United States Code Section 846.

Racketeering Act No. 2

That on about January 19, 1986 in the Southern District of Texas, and in the jurisdiction of this Court:

ROY EDWARD CANTU

did knowingly and intentionally possess with intent to distribute approximately 18 kilograms of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970, in violation of Title 21, United States Code, Sections 841(a)(1).

Racketeering Act No. 3



Racketeering Act No. 4

That on about January 25, 1991 in the Southern District of Texas, and in the jurisdiction of this Court:

ROY EDWARD CANTU

did knowingly and intentionally possess with intent to distribute approximately 68 kilograms of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970, in violation of Title 21, United States Code, Sections 841(a)(1).

Racketeering Act No. 5

4

0368

That on about October 20, 1994 in the Southern District of Texas, and in the jurisdiction of this Court:

ROY EDWARD CANTU

did knowingly and intentionally possess with intent to distribute approximately 18 kilograms of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970, in violation of Title 21, United States Code, Sections 841(a)(1).

Racketeering Act No. 6

That in or about November, 1994, in the Southern District of Texas, and in the jurisdiction of this Court:

ROY EDWARD CANTU

did knowingly and intentionally possess with intent to distribute at 4705 Young Street, Brownsville, Texas, in excess of 100 kilograms of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970, in violation of Title 21, United States Code, Sections 841(a)(1).

Racketeering Act No. 7

That on about April 25, 1995 in the Southern and Eastern Districts of Texas, and in the jurisdiction of this Court:

ROY EDWARD CANTU

did knowingly and intentionally possess with intent to distribute approximately 90 kilograms of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970, in violation of Title 21, United States Code, Section 841(a)(1).

5

Violation: Title 18, United States Code, Section 1962(c).

## COUNT TWO

The paragraphs of Count One describing the enterprise, the purposes of the enterprise, and the means and methods of the enterprise are hereby realleged and incorporated as if fully set forth herein.

From in or about the year 1986 through in or about the year 1995, within the Southern District of Texas and elsewhere and in the jurisdiction of this court

### ROY EDWARD CANTU

Defendant herein, and Javier Cantu, Fabian Cavazos, Tony Sepulveda, Guadalupe Pena and others known and unknown, being persons employed by and associated with the Javier Cantu drug ring enterprise, which engaged in, and its activities affected, interstate and foreign commerce, did wilfully, knowingly, and intentionally combine, conspire, confederate and agree together to violate  Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that  enterprise through a pattern of racketeering activity as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of Racketeering Acts 1 through 7 specified in Count One, which Racketeering Acts are realleged and incorporated by reference as if fully set forth below.

It was part of the conspiracy that the Defendant agreed to the

6

0370

commission of at least two acts of racketeering in the conduct of the affairs of the enterprise.

Pursuant to the conspiracy the following and other overt acts were committed in the Southern District of Texas and elsewhere:

### Overt Acts

1. On January 19, 1986 ROY EDWARD CANTU, Javier Cantu and others transported approximately 18 kilos of marihuana to the Harlingen Airport in Harlingen, Texas.

2. On December 3, 1986 Fabian Cavazos and Russell Blackwell transported approximately 11 kilograms of marihuana from Cameron County, Texas, to the area of Saint Martin Parish, Louisiana.

3. On December 16, 1987 Fabian Cavazos and Javier Lopez Cantu transported from Cameron County, Texas to Panola County, Texas approximately 5.7 kilograms of marihuana.



5. On January 25, 1991, ROY EDWARD CANTU, Fabian Cavazos, Julio Gallardo and Jose Galvan possessed approximately 68 kilograms of marihuana and $47,890 in U.S. currency in Houston, Texas.

6. On April 16, 1993, Javier Cantu, Tony Sepulveda, Bobby Herrera and others assisted in the loading and transportation of approximately 293 kilograms of marihuana. This load was taken to the UPS facility in Brownsville, Texas, where it was placed in a

7

0371

trailer that was to be hauled north out of Cameron County, Texas.

7. On approximately October 20, 1994, ROY EDWARD CANTU and Fabian Cavazos helped load approximately 18 kilos of marihuana into in a dog kennel in the back of a pick-up truck located in the area of Houston, Texas. This pick-up truck was then driven to Gregg County, Texas, by Terry Lee Crump.

8. In April, 1995, ROY EDWARD CANTU, and Fabian Cavazos assisted in loading approximately 90 kilos of marihuana into a Ford Bronco truck driven by Mark Miller. Later that same day ROY EDWARD CANTU and Fabian Cavazos attempted to transfer this marihuana from Miller's vehicle into a 1993 GMC pick-up in Shelby County, Texas.

9. In the fall of 1994 ROY EDWARD CANTU stored large quantities of marihuana at his residence on 4705 Young Street, Brownsville, Texas.

Violation: 18 U.S.C. 1962(d).

A TRUE BILL

_____
FOREMAN

JAMES H. DeATLEY
UNITED STATES ATTORNEY

By: _Charles Lewis_
    CHARLES LEWIS
    Asst. U.S. Attorney

TRUE COPY I CERTIFY
ATTEST;
MICHAEL N. MILBY, Clerk of Court
By _____
                    Deputy Clerk

8

United States District Court
Southern District of Texas
FILED

APR 20 1998

Michael N. Milby
Clerk of Court

# United States District Court

## SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA                    VERDICT

V.                                          CRIMINAL NO. B-98-75

ROY EDWARD CANTU

WE, THE JURY, FIND THE DEFENDANT ROY EDWARD CANTU

_____Not    Guilty_____ on Count 1,
(Insert "Guilty" or "Not Guilty")

If you have found the Defendant Guilty on Count 1, indicate which of the Racketeering Acts you unanimously found that the Defendant committed beyond a reasonable doubt, by answering "yes" or "no".

Answer "Yes" or "No"

Racketeering Act One         No

Racketeering Act Two         No

Racketeering Act Four        No

Racketeering Act Five        No

Racketeering Act Six         No

Racketeering Act Seven       No

_____Guilty_____ on Count 2,
(Insert "Guilty" or "Not Guilty")

as charged in the indictment.

_____[signature]_____          20-Apr-1998
Foreperson's Signature                   Date

.0051