IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| ROY EDWARD CANTU,<br>Petitioner, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-03-147 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

United States District Court
Southern District of Texas
ENTERED

APR 2 8 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

## ORDER DENYING PETITIONER'S APPLICATION
## FOR CERTIFICATE OF APPEALABILITY

**I. Background**

Petitioner, Roy Edward Cantu ("Cantu") is currently incarcerated at the Beaumont Federal Correctional Complex in Texas. He was indicted by a Grand Jury on two counts of racketeering activity in violation of the Racketeer Influenced Corrupt Organization ("RICO") statute. On April 20, 1998, after a jury trial, Cantu was found not guilty on Count One (substantive RICO violation under 8 U.S.C. § 1962(c)) and guilty on Count Two (RICO conspiracy violation under 18 U.S.C. § 1962(d)) in Criminal Case No. B-98-CR-075, styled *United States of America v. Cantu*. He was sentenced to 224 months imprisonment and 5 years of supervised release.

On August 18, 2003, Cantu filed a motion to vacate pursuant to 28 U.S.C. § 2255, requesting post conviction relief for violations of his Fifth and Sixth Amendment rights, Civil Action No. B-03-147. Cantu claimed that Count Two of the indictment was a lesser included offense of Count One and his attorney's failure to move for acquittal on double jeopardy grounds deprived him of his Fifth and Sixth Amendment rights. Cantu further claimed that Count Two of the indictment was multiplicitous and his attorney's failure to move for dismissal, based on

double jeopardy grounds, violated his Fifth and Sixth Amendment rights. Cantu also argued that he had a constitutional right to counsel on appeal, which was abandoned when his attorney failed to file a writ of certiorari with the Supreme Court as he had requested.

United States Magistrate Judge John Wm. Black recommended that Cantu's petition be dismissed as it was time barred under AEDPA and the underlying constitutional claims were otherwise without merit (Docket No. 7). On January 26, 2004, Senior District Judge Filemon B. Vela adopted the Report and Recommendation of the magistrate judge (Docket No. 9) denying Cantu's petition.

Cantu filed a Notice of Appeal/Certificate of Appealability (Docket No. 10) in response to the district court's dismissal of his petition. Cantu stated in conclusory fashion that he, "has made a substantial showing of denial of [his] Constitutional Rights, as presented in petitioner's § 2255 petition".[1]

## II. Analysis

In order to properly appeal the district court's order, the Antiterrorism and Effective Death Penalty Act of 1996 requires that Cantu obtain a Certificate of Appealability ("COA"). This Court will treat Cantu's Notice of Appeal/Certificate of Appealability as a petition for a COA and will consider the arguments he presented in his habeas petition to determine whether a COA should issue in this case.

A court may issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. A "substantial showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason; that a court *could*

---

[1] Petitioner's Notice of Appeal/Certificate of Appealability, Docket No. 10, p. 1, ¶2.

resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further. *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, the district court adopted the Report and Recommendation of the magistrate judge, which concluded that Cantu's petition was time barred and the constitutional claims were without merit. As this denial was based in part on procedural grounds, Cantu must show, at least, that jurists of reason would find it debatable whether the petition stated a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the procedural ruling was correct.

In addition, the court rejected Cantu's constitutional claims on the merits, therefore Cantu must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim was either debatable or wrong.

Cantu has not shown that reasonable jurists would find it debatable whether he raised a valid claim for denial of his Fifth and Sixth Amendment rights and whether the procedural ruling was correct. Cantu has also failed to demonstrate that reasonable jurists would find the court's

assessment of his claims were debatable or wrong.

IT IS therefore **ORDERED** that Cantu's Application for Certificate of Appealability (Docket No. 10) be **DENIED**.

DONE in Brownsville, Texas, on this __28th__ day of __April__, 2004.

_____
Andrew S. Hanen
United States District Judge